UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:25-cv-01181-CEM-DCI

B. RAI GUPTA, M.D., P.A.,
D/B/A FLORIDA CENTER
FOR PLASTIC AND HAND SURGERY

    Plaintiff,

vs.

BOON-CHAPMAN BENEFIT
ADMINISTRATORS, INC.,

    Defendant.
_____/

## Plaintiff's Opening Brief

Maria T. Santi, Esq.
Florida Bar Number 117564
**HEALTH AND MEDICINE LAW FIRM**
8925 SW 148 Street, Suite 216
Miami, FL 33176
Ph: 305-677-2292
msanti@healthandmedicinelawfirm.com
*Counsel for Plaintiff*

i

**STATEMENT OF THE CASE**

**I.      Introduction and Summary of the Argument**

This is an action against Defendant, Boon-Chapman Benefit Administrators, ("the Insurer") for (i) Violation of §627.64194, Florida Statutes wherein Plaintiff, B. Rai Gupta, M.D., P.A., d/b/a Florida Center for Plastic and Hand Surgery (hereinafter "Plaintiff and/or Medical Doctor"), was underpaid for services rendered to the Patient, A.S. ("the Patient") pursuant to §627.64194, Florida Statutes. On or about August 26, 2021, the Medical Doctor, provided emergency services and performed a surgery on the Patient due to multiple facial fractures and mandible fractures, at Central Florida Regional Hospital, which is in-network with Boon-Chapman. The Medical Doctor is not part of the Insurer's network. Thus, Florida law dictates the rate of payment in this type of situation when a Patient is seen in an In Network Hospital by an Out of Network Doctor. The rate of payment is determined pursuant to §627.64194 and 641.513, Florida Statutes. Section 641.513, Fla. Stat., as incorporated in 627.64194, states that in providing for emergency services and care as a covered service, the Insurer must reimburse nonparticipating providers (i) the lesser of the provider's charges, (ii) the usual and customary charges or (iii) the charges mutually agreed upon between the provider and the Insurer. This is true for emergency and non-emergency services. §627.64194(2); §627.64194(3), Fla. Stat. The Medical Doctor timely filed the claim and the Insurer paid the Medical Doctor $4,609.03 out of approximately $80,162 total charges billed. Claims for underpayment were filed by the Plaintiff within a

year of payment and appeals where also filed in an attempt to agree on the rate of payment. Insurance coverage is not at issue, only the rate of payment is at issue, thus the claims do not fall under ERISA.

**II.     Statement of the Facts**

1. On or about August 26, 2021, the Medical Doctor, provided emergency services and performed a surgery on the Patient, A.S., due to multiple facial fractures and mandible fractures, at Central Florida Regional Hospital, which is in-network with Boon-Chapman.

2. The Medical Doctor is not contracted with Boon-Chapman, and thus is as an Out-of-Network provider with Boon-Chapman and thus provides medical services to patients as an Out-of-Network provider.

3. The Medical Doctor provides on call emergency services at Central Florida Regional Hospital ("the Hospital") and must see patients who present to through the emergency room or due to an unforeseen scooter accident, regardless of whether they are in-network or out of network and Boon-Chapman is obligated to cover those services.

4. The Patient, A.S., was a Member of Boon-Chapman and was insured through a health insurance policy issued and administered by Boon-Chapman, Member ID. No. 60xxx0215 ("the Patient").

5. As a result, the Patient received emergency and medical services at the Hospital. The Medical Doctor was designated to see the Patient at the Hospital

after the Patient was admitted through emergency, and the patient did not have the ability and opportunity to choose a participating provider.

6. The Medical Doctor submitted claims to Boon-Chapman for payment after services were rendered. Boon-Chapman made payment for the claims, however, it underpaid the claims and failed to pay the full charges. *See* Exh. A.

7. The Claims were grossly underpaid by Boon-Chapman, and Boon-Chapman determined only $4,609.03 was the allowed amount of the approximate amount of charges totaling $81,809, leaving a balance owed of $77,199.97.

8. The Medical Doctor submitted appeals and claims for underpayment in an attempt to obtain additional payment but Boon-Chapman failed to make additional payments. *See* Exh. B.

9. Thereafter this lawsuit followed. Coverage is not at issue as Boon Chapman has already made partial payments to the Medical Provider for the services at issue.

**III. Argument**

Various statutes govern reimbursement rates that must be paid to the Medical Doctor and that require Boon-Chapman to make payment to The Medical Doctor.

627.64194, Fla. Stat. states that an insurer, in this case Boon-Chapman, is solely liable for payment of fees to a non-participating provider, in this case The Medical Doctor, of covered *emergency and non-emergency services* provided to an Insured in accordance with the health insurance policy when the care is

3

provided, as here, in a facility that has a contract with the insurer and not with the treating provider.

641.513, Fla. Stat., as incorporated in 627.64194, creates the formula for the rate of payment on how services should be reimbursed. It states, in relevant part, that in providing for emergency services and care as a covered service, the Insurer must reimburse nonparticipating providers the lesser of

(i) the provider's charges,

(ii) the usual and customary charges or

(iii) the charges mutually agreed upon between the provider and the Insurer.

Under applicable laws, Boon-Chapman is liable to The Medical Doctor for, however, Boon-Chapman has refused to accept liability for payment of the claims at the appropriate rate of reimbursement as required by Florida law. Even though the Hospital is In-Network, Boon-Chapman did not make payment for medically necessary services to The Medical Doctor as delineated by Florida law. Boon-Chapman processed and underpaid the claims for medically necessary medical services that were provided to the Patients by The Medical Doctor. Boon-Chapman refused to honor the Medical Doctor's requests for additional payment on the Claims. Boon-Chapman underpaid the claims despite the clear direction by Florida law and The Medical Doctor 's prior attempts to obtain additional payment. Plaintiff, as an out of network provider with Boon-Chapman, did not agree to accept discounted rates from Boon-Chapman for its services and did not agree to

4

be bound by Boon-Chapman's rates or reimbursement schedules for the Claim. Plaintiff is entitled to reimbursement for the full charges billed to Boon-Chapman for the Claims. Boon-Chapman has wrongfully refused to pay and reimburse Plaintiff for the Claims at full billed charges in the total amount of $77,199.97.

### A. Boon Chapman Must Pay the Medical Provider Pursuant to §627.64194, Florida Statutes

Here, the Plaintiff has already provided medically necessary services to the Patient at the Hospital. The Hospital has a contract with Boon-Chapman. Boon Chapman has accepted the claims, and coverage but failed to make full payment. *See* Exh. A. The Face of the EOBs proves that coverage is not at issue and partial payment on the claims was made.

Section 627.64194(2) of the Florida Statutes states in relevant part, as follows:

> 2)   An insurer is solely liable for payment of fees to a nonparticipating provider of covered emergency services provided to an insured in accordance with the coverage terms of the health insurance policy, and such insured is not liable for payment of fees for covered services to a nonparticipating provider of emergency services, other than applicable copayments, coinsurance, and deductibles.

An insurer must provide coverage for emergency services that:

> (a)   May not require prior authorization.
> (b)   Must be provided regardless of whether the services are furnished by a participating provider or a nonparticipating provider.

Section 627.64194(3) of the Florida Statutes states in relevant part, as follows:

5

> (3) An insurer is solely liable for payment of fees to a nonparticipating provider of covered nonemergency services provided to an insured in accordance with the coverage terms of the health insurance policy, and such insured is not liable for payment of fees to a nonparticipating provider, other than applicable copayments, coinsurance, and deductibles, for covered nonemergency services that are:
>
> (a) Provided in a facility that has a contract for the nonemergency services with the insurer which the facility would be otherwise obligated to provide under contract with the insurer; and
>
> (b) Provided when the insured does not have the ability and opportunity to choose a participating provider at the facility who is available to treat the insured.

Section 627.64194(4) of the Florida Statutes states in relevant part, as follows

> (4) An insurer must reimburse a nonparticipating provider of services under subsections (2) and (3) as specified in s. 641.513(5), reduced only by insured cost share responsibilities as specified in the health insurance policy, within the applicable timeframe provided in s. 627.6131.
>
> The terms of section 641.513(5) as incorporated into Chapter 627, state that the Insurer must reimburse a provider who does not have a contract with the Insurer, the lesser of:
>
> (a) The provider's charges;
> (b) The usual and customary provider charges for similar services in the community where the services were provided; or
> (c) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.

As noted by the appeals submitted by the Plaintiff, the Plaintiff and Defendant, Boon-Chapman did not agree on a rate to be paid by it to Plaintiff. *See* Exh. B. Thus, Boon-Chapman did not remit payment to Plaintiff as required by Section 627.64194(4) of the Florida Statutes. Boon-Chapman has not paid the

6

Plaintiff either full billed charges, the UCR or the fair market value of the services rendered. Boon-Chapman is obligated to pay for the medical services received by the Patient from Plaintiff at the Hospital. In accordance withs sections 641.513(5) and 627.64194 of the Florida Statutes

Plaintiff's claims concern only rate of payment, rather than right of payment claims. These claims are based on contractual principles that are outside the scope of section 502(a) of ERISA, and are not completely preempted by ERISA. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 (11th Cir. 2009); *See also Hialeah Anesthesia Specialists, LLC v. Coventry Health Care of Florida, Inc.*, 258 F. Supp. 3d 1323, 1330 (S.D. Fla. 2017). *See also Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999) ("[T]he bare fact that the [ERISA] plan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA's enforcement provision.").

Plaintiff has suffered damages in the amount of the unpaid balance for the billed charges for the medical services provided to the Patient. Boon Chapman has already accepted the claim, made partial payment and thus coverage is not at issue only the rate of payment for the services is at issue.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this court declare that Boon Chapman is in violation of Section 627.64194 of the Florida Statutes and award judgment in favor of Plaintiff in the amount of $77,199.97.

Respectfully submitted,

**HEALTH AND MEDICINE LAW FIRM**
*Counsel for Plaintiff*
8925 SW 148 Street, Suite 216
Miami, FL 33176
Ph: (305) 677-2292
Fax: (305) 677-2306
Service email:
admin@healthandmedicinelawfirm.com
Attorney email:
msanti@healthandmedicinelaw.com

By: **/s/ Maria T. Santi**
           MARIA T. SANTI, ESQUIRE
           Florida Bar No.: 117

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of February 2026, I electronically filed the foregoing with the Clerk of Court by using the ECF system, which provided a notice of electronic filing upon all counsel of record.

By: /s/ *Maria T. Santi*
        **Maria T. Santi, Esq.**

8